IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


CLIFTON D. TAYLOR,

          Plaintiff,

                                    CIVIL ACTION
      vs.                            No. 09-3133-SAC

RON EGLI, et al.,


          Defendants.



MEMORANDUM AND ORDER


This matter is a civil action filed by a prisoner in federal custody. Plaintiff submitted the initial partial filing fee, and the court grants leave to proceed in forma pauperis.[1]

Also pending before the court is plaintiff's motion for leave to proceed on appeal in forma pauperis (Doc. 16), which he filed with a notice of interlocutory appeal (Doc. 15).

---

[1]

Plaintiff is advised that he remains obligated to pay the balance of the statutory filing fee of $350.00 in this action. The Finance Office of the facility where he is incarcerated will be directed by a copy of this order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

The courts of appeals generally lack jurisdiction to review orders of the district courts until there is a "final decision" entered in the district.   28 U.S.C. § 1291.   *See Stewart v. Donges,* 915 F.2d 572, 574 (10th Cir. 1990).   Here, the appeal was dismissed for lack of jurisdiction shortly after it was filed.

While an interlocutory appeal may be certified by a district court where its order "involves a controlling question of law as to which there is substantial ground for difference of opinion" such that a resolution "may materially advance the ultimate termination of the litigation", 28 U.S.C. § 1291(b), this court could not reasonably certify the appeal from its order of September 15, 2010, for an interlocutory appeal on that ground.   That order addressed plaintiff's application for leave to proceed in forma pauperis and two motions to amend, but it did not constitute a final order, nor did it involve a controlling question of law.   The court therefore denies plaintiff's motion for leave to appeal in forma pauperis (Doc. 16).

Next, by an earlier order (Doc. 13), the court directed plaintiff to show cause why his claims in this matter should not be dismissed.

The claims concerning medical care provided at the Leavenworth Detention Center operated by the Corrections Corporation of America concern treatment for plaintiff's

2

complaints of an infection and of a knee injury.

The complaint states that plaintiff requested medical attention in April 2009 for an infection.  In May 2009, medical staff collected blood and other samples, and in late May, plaintiff was prescribed medication.  Plaintiff claims that staff did not conduct proper testing before providing this medication.

Next, on May 12, 2009, plaintiff requested a knee brace. The request was approved on May 29, 2009, however, as of the date of the complaint, June 9, 2009, he had not yet received it. (Doc. 1).

The court has considered these claims and concludes plaintiff has not stated a claim for relief.  First, a "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation."  *Self v. Crum*, 439 F.3d 1227, 1233 (10th Cir. 2006).  A prisoner is not guaranteed the medical treatment of his personal preference.  *Ledoux v. Davis*, 961 F.2d 1536, 1537 (10th Cir. 1992).

Next, to the extent plaintiff may allege a claim of negligence, he "must prove the following three elements: (1) that a duty was owed by the physician to the patient; (2) that the duty was breached; and (3) that a causal connection existed

between the breached duty and the injury sustained by the patient." *Heany v. Nibbelink,* 932 P.2d 1046, 1048 (Kan. App. 1997) (quotation omitted).

Here, plaintiff's allegations do not establish that medical staff breached acceptable medical standards either in responding to his complaint of an infection or in providing the knee brace he requested.  It is apparent that medical staff took blood and other samples from plaintiff before providing medication to address his complaint of an infection, and the knee pain he suffered followed his continuing activity before he received the brace.

A breach of the standard of care "is never presumed, and may not be inferred merely from a lack of success or an adverse result from treatment." *Hare v. Wendler,* 949 P.2d 1141, 1146 (Kan. 1997)(quotation omitted).  The court concludes plaintiff has failed to adequately assert a claim of negligence arising from the provision of medical care for these complaints.

Next, to the extent plaintiff challenges action taken to harvest a DNA sample, it is apparent the plaintiff unsuccess-fully litigated these claims in the criminal proceedings against him.  By its order of July 12, 2011, the court directed plain-tiff to file any objection to the court's intention to dismiss this claim, and he has made no response on that point.  Accord-

4

ingly, the court will dismiss defendant Mrachek from this action and will dismiss the related claims regarding the collection of a DNA sample from the plaintiff.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 10) is granted. Collection action shall continue pursuant to 28 U.S.C. §1915(b)(2) until the $350.00 filing fee is fully paid.

IT IS FURTHER ORDERED defendant Mrachek and the claims arising from the collection of a DNA sample from plaintiff are dismissed.

IT IS FURTHER ORDERED plaintiff's remaining claims concerning medical care are dismissed for failure to state a claim upon which relief may be granted.

Copies of this order shall be transmitted to the plaintiff and to the Finance Office of the facility where plaintiff is incarcerated.

**IT IS SO ORDERED**.

Dated at Topeka, Kansas, this 6th day of September, 2011.


S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge